UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN JOHN KARES,

        Petitioner,                  Case No. 1:15-cv-992

v.                                    Honorable Janet T. Neff

TONY TRIERWEILER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual Allegations

Petitioner Stephen John Kares presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in the Shiawassee County Circuit Court, Petitioner was convicted of third-degree criminal sexual conduct (CSC III). On September 28, 2012, Petitioner was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 300 to 700 months.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, arguing that the trial court had allowed the improper admission of hearsay testimony and had improperly scored three sentencing variables, Offense Variables (OV) 3, 8, and 10. In an unpublished opinion issued on November 21, 2013, the court of appeals rejected all appellate arguments and affirmed the conviction and sentence. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same two grounds. The supreme court denied leave to appeal on September 29, 2014.

According to the amended habeas petition filed on December 28, 2015, Petitioner filed a motion for relief from judgment in the Shiawassee Circuit Court on September 26, 2015, raising the following issues: (1) prosecutorial misconduct respecting the DNA evidence; (2) prosecutorial misconduct in the suppression of exculpatory evidence; (3) the prosecutor failed to produce endorsed *res gestae* witnesses; (4) the prosecutor failed to timely file a habitual offender notice; (5) the sentencing guidelines were improperly scored; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel. The trial court denied the motion on November 2, 2015. Petitioner alleges that he sought leave to appeal the decision to the Michigan

Court of Appeals on December 28, 2015, raising the same issues. He asserts that the appeal remains pending.

In his amended habeas application, Petitioner raises the following grounds: (1) denial of a fair trial by the admission of hearsay evidence; (2) judicial fact-finding in violation of the Sixth Amendment and Due Process Clause; (3) violation of sate law by instructing on the lesser included offense of CSC III; (4) prosecutorial denial of a fair trial by misrepresenting DNA evidence; (5) prosecutorial misconduct in the suppression of exculpatory evidence; (6) denial of a fair trial by the prosecutions failure to produce *res gestae* witnesses; (7) prosecutor's late notice of the sentence enhancement was fatally defective; (8) sentencing based on inaccurate information under OV 11, 13, and 19 and Prior Record Variable (PRV) 7; (9) ineffective assistance of trial counsel in failing to conduct an adequate investigation and presenting a complete defense; (10) ineffective assistance of appellate counsel in failing to raise the issue of ineffective assistance of trial counsel and other issues.

Petitioner has filed a motion to stay the proceedings and hold the petition in abeyance pending completion of his state court review on the motion for relief from judgment.

II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that the majority of the issues raised in his habeas petition are not fully exhausted, as he has not yet completed appellate review of his motion for relief from judgment. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may complete review of his motion for relief from judgment under MICH. CT. R. 6.500 *et seq*. *See* MICH. CT. R. 6.502(G)(1) (permitting a defendant to file only one motion for relief from judgment after August 1, 1995). Petitioner recently filed his one allotted motion, but he has not yet completed one full round of appellate review on that motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must complete appellate review of the denial of his motion for relief from judgment in both the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to

exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on September 29, 2014.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, December 29, 2014.  Accordingly, absent tolling, Petitioner would have had one year, or until December 29, 2015, in which to file his habeas petition. Petitioner, however, filed his motion for relief from judgment on September 26, 2015, when he had ninety-three days remaining in his period of limitations, at which point his statute of limitations

would have been tolled and will remain tolled until completion of review by the Michigan Supreme Court, assuming that Petitioner timely pursues all levels of state-court review. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court but is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court).

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has far more than thirty days remaining in his limitations period.[2] Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

---

[1] As discussed, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

[2] Because Petitioner already has filed his motion for relief from judgment, he only is entitled to mandatory tolling for a period of thirty days after the decision of the Michigan Supreme Court.

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where the court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   January 28, 2016                             /s/ Janet T. Neff
                                                                     Janet T. Neff
                                                                     United States District Judge